**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-01-LRR |
| vs. | **ORDER** |
| RUEBEN ALLEN, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Rueben Allen's "Motion to Revoke or Amend Pretrial Detention Order" ("Motion") (docket no. 21).

## II. RELEVANT PROCEDURAL HISTORY

On January 9, 2013, the government filed a five-count Indictment (docket no. 3) against Defendant. Count 1 charges Defendant with conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Count 2 charges Defendant with distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Counts 3 through 5 charge Defendant with distributing crack cocaine, or aiding and abetting the distribution of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On January 14, 2013, United States Magistrate Judge Jon S. Scoles held an initial appearance and arraignment, at which time the government moved to detain Defendant. *See* Minute Entry (docket no. 13). On January 17, 2013, Judge Scoles held a detention hearing. *See* Minute Entry (docket no. 18). Defendant appeared in court with his attorney, Jonathan B. Hammond. Assistant United States Attorney Justin Lightfoot represented the government. On January 18, 2013, Judge Scoles issued an Order for Pretrial Detention (docket no. 20), which concluded that Defendant was both a flight risk and a danger to the

community and, consequently, should be detained pending trial. On January 23, 2013, Defendant filed the Motion, which requests that the court revoke or amend Judge Scoles's Order for Pretrial Detention. On January 29, 2013, the government filed a Resistance (docket no. 22). The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). In certain cases, the court is required to detain defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The facts the [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f). In contrast, a finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

## IV. ANALYSIS

In his Brief in Support of the Motion, Defendant argues that Judge Scoles erred in concluding that there was no condition or combination of conditions that would reasonably assure Defendant's appearance as required and the safety of the community. Specifically, Defendant contends that, contrary to Judge Scoles's suggestion, there is little evidence that

2

Defendant has a history of possessing a firearm and Defendant notes that he was not charged with any firearm-related offenses. Moreover, Defendant argues that Judge Scoles improperly considered Defendant's history of arrests for which the dispositions are unknown, including his arrest relating to a shooting in Chicago, Illinois, and his arrest based on Richard Allen's complaint that Defendant had pointed a firearm at him. Finally, Defendant states that "he has a home, no apparent substance abuse issues, has no prior history relating to drug or alcohol abuse, and no record of failing to appear at any prior court proceedings." Brief in Support of Motion (docket no. 21-1) at 5.[1]

After conducting a de novo review of the record, the court finds that Judge Scoles's Order for Pretrial Detention accurately and throughly sets forth the facts and the law. Judge Scoles correctly found that, due to the nature of the charged offenses, there is a rebuttable presumption that Defendant is a flight risk and a danger to the community. *See* 18 U.S.C. § 3142(e)(3)(A) (providing that a rebuttable presumption in favor of detention applies if there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act that is punishable by a maximum term of imprisonment of ten years or more); *see also United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003) (noting that, even if the defendant produces evidence to rebut the presumption, the presumption remains a factor for the court to consider). Moreover, the court agrees with Judge Scoles's analysis of the factors under 18 U.S.C. § 3142(g). Defendant argues that it is "inappropriate," Brief in Support of Motion at 4, for the court to consider his arrest record. The court finds that such an argument is without merit. In *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951 (D. Kan. Mar. 26, 2008), the United States District Court for the District of Kansas found that "[a] person's criminal history

---

[1] Contrary to Defendant's assertion that he has "no apparent substance abuse issues," Brief in Support of Motion at 5, the court notes that Defendant admitted to the Pretrial Services Officer that he uses marijuana approximately three times a month with his last use being approximately two weeks prior to his arrest for the instant offenses.

necessarily includes arrests and charges in matters that were never finally adjudicated, but the relative weight of such evidence depends on the circumstances of each case and this determination is committed to the sound discretion of the presiding judge." *Id.* at *2. The court agrees with the reasoning in *Kelley* and finds that an arrest, while entitled to less weight than a conviction, is properly considered as part of a defendant's criminal history. The court concludes that Judge Scoles did not give undue weight to Defendant's history of arrests and he properly considered all of the evidence presented at the detention hearing. Thus, because the government has shown by clear and convincing evidence that Defendant is a danger to the community and has shown by a preponderance of the evidence that Defendant is a flight risk, detention is warranted.

The court notes that, even if it were to find that Judge Scoles improperly relied on Defendant's arrest history and the evidence that Defendant carried a firearm, the court would nevertheless find that Defendant is a flight risk. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) ("[E]ither danger to the community *or* risk of flight is sufficient to authorize detention." (emphasis added)). The charges in this case are serious. If he is convicted, Defendant will be subject to a mandatory minimum term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Moreover, as Defendant acknowledges in his Brief in Support of the Motion, the weight of the evidence is strong. Defendant was the subject of four controlled buys. Task Force Officer Tracy Weems testified at the detention hearing concerning the controlled buys and also stated that numerous cooperating individuals have identified Defendant as a drug source. In addition, the court finds that Defendant's ties to the community are weak. Defendant is unemployed and has no significant work history. For most of his life, Defendant resided in Chicago. He moved to Marion, Iowa, three years ago. Although Defendant's parents reside in Marion, a majority of his siblings still reside in Chicago. Given these facts and after considering all of the 18 U.S.C. § 3142(g) factors, the court would find that detention is warranted even

if the court were to disregard Defendant's arrest history and the evidence that he possessed a firearm.

## V.  CONCLUSION

In view of the foregoing, the court finds that detention is warranted. Accordingly, the Motion (docket no. 21) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 5th day of February, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA